**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
                                  :

PAUL D. McLEMORE,            :
                                  :     Civil Action No. 05-4631(FLW)
         Plaintiff,        :
                                  :                **OPINION**
    v.                           :
                                  :
CITY OF TRENTON,          :
                                  :
         Defendant.        :
_____:

**WOLFSON, United States District Judge**:

Presently before the Court is the Motion for Summary Judgment filed by Defendant City of Trenton ("Defendant" or "Trenton"), which has employed Plaintiff Paul D. McLemore ("Plaintiff" or "McLemore") as a part-time Municipal Court Judge since 2000. Plaintiff initiated the instant suit in the Superior Court of New Jersey, Mercer County, alleging that Defendant failed to pay him the proper salary under Trenton's municipal ordinances. Specifically, Plaintiff alleges that Defendant's conduct violated 42 U.S.C. § 1983 ("§ 1983 Claim") and also asserts state law claims under New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq. , a breach of contract claim, and a claim that he is entitled to judgment in lieu of a prerogative writ of mandamus (collectively, "State Law Claims"). Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1446(a). The Court has jurisdiction over this dispute by virtue of 28 U.S.C. §§ 1331 and 1443. For the

reasons stated herein, Defendant's motion is granted with respect to Plaintiff's § 1983 Claim.  Plaintiff's State Law Claims are remanded to the Superior Court of New Jersey, Law Division, Mercer County.

## I.  BACKGROUND

For the purpose of this Opinion, the Court will only recount the relevant undisputed facts.  Plaintiff has been a part-time municipal judge for the City of Trenton since July 2000. Defendant's Statement of Undisputed Material Facts ("Defendant's Statements") at ¶ 1; Plaintiff's Statement of Undisputed Material Facts ("Plaintiff's Statements") at ¶ P-1.1.  The typical term for a part-time municipal judge is three years.  See N.J.S.A. 2B:12-4. Plaintiff was reappointed after his initial term expired.  Id.

Municipal judges' salaries, both part-time and full-time, are set by municipal ordinance.  See N.J.S.A. 2B:12-7l.  At the time that Plaintiff was appointed in July 2000, the applicable municipal ordinance concerning the salaries of all part-time municipal judges provided that the judges were to be paid an annual salary of $50,398 in 1996, $52,337 in 1997, and $54,275 in 1998.  See Trenton Ordinance 96-118.

A new ordinance was adopted by Trenton on December 21, 2000, increasing the part-time municipal judges' salary to $54,477 in 2000 and $57,221 in 2001.  See Trenton Ordinance 00-105.  On November 1, 2001, Trenton Ordinance 01-92 was passed, repealing

other ordinances involving municipal judge salaries.  Ordinance 01-92 was effective retroactive to January 1, 2001, and Defendant contends that it has been in effect since that date.  Under the new Ordinance, a salary schedule for part-time municipal judges was implemented as follows:

| Minimum | 1st Step | 2nd Step | 3rd Step | 4th Step | 5th Step | Maximum |
|---------|----------|----------|----------|----------|----------|---------|
| $44,526 | $47,065 | $49,604 | $52,143 | $54,682 | $57,221 | $59,760 |

See Trenton Ordinance 01-92.  According to Plaintiff, he received a raise in salary from Defendant in 2001.  Plaintiff's Statements at ¶ 5.1.  Since then, Plaintiff has been receiving a salary of $57,221 for this part-time judicial position.  Defendant's Statements at ¶ 5.

On September 4, 2003, Trenton passed anther ordinance, Trenton Ordinance 03-103, setting salary ranges for "Municipal Judges." Ordinance 03-103 did not make the distinction between full-time judges and part-time judges.  Instead, it stated: "Section 2-14.2 'Municipal Judge: Powers, Duties and Compensation' be amended to read as follows:"

| Year | Range |
|------|-------|
| 1-1-2002 to 12-31-2002 | $71,090 to $92,370 |
| 1-1-2003 to 12-31-2003 | $73,462 to $95,464 |
| 1-1-2004 to 12-31-2004 | $75,933 to $98,622 |
| 1-1-2005 to 12-31-2005 | $78,477 to $101,968 |

See Trenton Ordinance 03-103.  Based on that Ordinance, Plaintiff contends that the fixing of his salary in 2001 at the level of $57,221 was erroneous and he has consistently sought to correct the error in his salary through the initiation of this lawsuit. Plaintiff's Statements at ¶ 6.3.

On September 6, 2005, Plaintiff filed a four-count complaint in the New Jersey Superior Court, Law Division, Mercer County. Specifically, Plaintiff's § 1983 Claim alleges that "defendant, acting under color of State authority, has deprived plaintiff of his property interest in being paid for his services at the rates specified by the pertinent municipal ordinances."  Complaint at ¶ 15.  Plaintiff also alleges that Defendant's failure to pay him the correct salary under the ordinances violated New Jersey's Civil Rights Act, N.J.S.A. 10:6-1, et seq.; breached its contractual obligation to pay him at no less than the minimum rate specified in the ordinances; and he is entitled to judgment in lieu of a prerogative writ of mandamus for the amounts owing him.  Complaint at ¶¶ 14, 16-17.  On September 20, 2005, pursuant to 28 U.S.C. §§ 1331 and 1443, Defendant removed the case to this Court based on Plaintiff's federal § 1983 Claim.  The Court exercised supplemental jurisdiction over Plaintiff's State Law Claims pursuant to 28 U.S.C. § 1367.

**II.   DISCUSSION**

   **A.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied
that "there is no genuine issue as to any material fact and that
the moving party is entitled to a judgment as a matter of law."
Fed. R. Civ. P. (56)(c); Celotex Corp. v. Catrett, 477 U.S. 317,
330 (1986).   A fact is "material" only if it might affect the
outcome of the suit under the applicable rule of law.  Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   Disputes over
irrelevant or unnecessary facts will not preclude a grant of
summary judgment.  Id.  The burden of establishing that no "genuine
issue" exists is on the party moving for summary judgment. Celotex,
477 U.S. at 330.   Once the moving party satisfies this initial
burden, the non-moving party "must set forth specific facts showing
that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).
To do so, the non-moving party must "go beyond the pleadings and by
her own affidavits, or by the 'depositions, answers to
interrogatories, and admissions on file,' designate 'specific facts
showing that there is a genuine issue for trial.'" Celotex Corp.,
477 U.S. at 324.   In other words, the non-moving party must "do
more than simply show that there is some metaphysical doubt as to
material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley,
172 F.3d 238, 252 (3d Cir. 1999).  A genuine issue of material fact

is one that will permit a reasonable jury to return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248.  In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." <u>Curley v. Klem</u>, 298 F.3d 271, 276-77 (3d Cir. 2002)(citations omitted).

**B.   Plaintiff's § 1983 Claim**

In support of his § 1983 Claim, Plaintiff advances vague concepts of his rights under the Constitution.  Gleaning from Plaintiff's submissions to the Court, it appears Plaintiff contends that Defendant deprived him of a property right protected by the Fourteenth Amendment - the salary he should have earned as allegedly set forth in Trenton's ordinances.  It is unclear, however, whether Plaintiff predicates his contention on a violation under procedural due process or substantive due process. Nevertheless, the relevant question before the Court in determining whether the Fourteenth Amendment has been offended is whether Plaintiff had a protected interest in a particular salary. The Court holds that summary judgment is appropriate because Plaintiff has failed to demonstrate any deprivation of a property interest as required to pursue a due process claim under procedural or substantive due process; in the absence of such interest, Plaintiff cannot prevail on his § 1983 Claim.

6

*Procedural Due Process*

Section 1983 of Title 42 of the United States Code "subjects to liability every person who under color of state law or custom deprives a citizen of his or her constitutional rights." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In evaluating a procedural due process claim pursuant to § 1983, courts first determine "whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id.

"[T]he types of interests protected as 'property' are varied and, as often as not, intangible, relating 'to the whole domain of social and economic fact.'" Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982)(quoting Nat. Mut. Ins. Co. v. Tidewater Transfer Co., 337 U.S. 582, 646 (1949)(Frankfurter, J., dissenting)). The Third Circuit has held that a property interest can arise from

7

"written or unwritten state or local government policies or from 'mutually explicit understandings' between a government employer and employee."  Stana v. School District of Pittsburgh, 774 F.3d 122, 126 (3d Cir. 1985).

In general, courts in New Jersey have stated, in the context of public employment, that:

> [t]he decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such.  Nor are the salary and emoluments property, secured by contract, but compensation for services actually rendered.  Nor does the fact that a constitution may forbid the legislature from abolishing a public office or diminishing the salary thereof during the term of the incumbent changes its character or make it property . . . .   In short, generally speaking, the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right.

Errichetti v. Merlino, 188 N.J. Super. 309, 336 (Law. Div. 1982)(quoting Taylor v. Beckham, 178 U.S. 548, 577 (1900)); see also, Ferraro v. City of Long Branch, 314 N.J. Super. 268, 283 (App. Div. 1998); see also Spina v. Consolidated Police & Firemen's Pension Fund Com., 41 N.J. 391, 400 (1964)("the terms and conditions of public service in office of employment rest in legislative policy . . . hence may be changed except of course insofar as the State Constitution specifically provides otherwise").

In Warren County Vocational-Technical School Edu. Assoc. V. Warren County Vocational-Technical School Bd. of Edu., 320 N.J. Super. 1 (App. Div. 1999), the court held that the right to a

certain salary level for a teacher, a public employee, is not a protected property right and thus cannot form the basis for a due process claim under the Fourteenth Amendment. Id. at 8. The court reasoned that because a school board possessed the unfettered authority to set the salary of its employees, the salary level is not a protected property right under the Fourteenth Amendment. See Id. at 5-7; see also Hamm v. Central Bucks School District, No. 92-6721, 1994 U.S. Dist. LEXIS 16304, at *19-22 (E.D. Pa. Nov. 15, 1994)(since the school district has the prerogative with each school year to set new administrative salaries, plaintiff "can point to nothing to substantiate a claim of entitlement to a salary for each year she is retained").

Similarly, in the present case, because Trenton is conferred, by statute, with the authority to set its municipal judges' salaries, Plaintiff has failed to show that he is entitled, under the Fourteenth Amendment, to a property interest of a certain salary to sustain his § 1983 Claim. Plaintiff first concedes that there is "no property right to a specific salary flowing from any statutory or state constitutional provision." Plaintiff's Brief in Opposition to Summary Judgment at p. 16. However, in Plaintiff's deficient two-page response, he argues, without citing to any legal authority, that the salary that he should have earned since 2001 as a municipal court judge, which Defendant allegedly failed to pay him, is a property interest protected under the U.S. Constitution. The Court finds Plaintiff's argument without merit.

9

In New Jersey, municipal courts are statutory courts. <u>State</u>
<u>v. Casalino</u>, 262 N.J. Super. 166, 168 (App. Div. 1993). Municipal
court judges are appointed to statutory terms of three years.
<u>N.J.S.A.</u> 2B:12-4(a). The New Jersey constitutional prohibition on
salary reduction is limited to Superior Court judges and Supreme
Court justices. There is no statutory or constitutional provision
guaranteeing municipal court judges a specific level of salary, or
prohibiting municipalities from reducing their salaries. Rather,
municipalities have plenary authority to establish salaries and
compensation by ordinance for its judges. See <u>N.J.S.A.</u> 2B:12-7l;
<u>see</u> <u>also</u> <u>Shalita v. Township of Washington</u>, 270 N.J. Super 84, 91
(App. Div. 1994); <u>Krieger v. City of Jersey City</u>, 27 N.J. 535, 545
(1958)(the governing body makes the decision "as to the amount of
compensation to be fixed by ordinance. . . .").[1] As such, the
written policy of the State is to confer on municipalities the
unfettered authority to designate salary ranges. As such,
Plaintiff is not entitled, under the Constitution, to a particular
salary.

Having determined that Plaintiff does not have a property
right to a certain salary, Plaintiff's purported distinction that

---

[1]In support of Plaintiff's argument that the salary he is entitled to is
a property interest under the Fourteenth Amendment, Plaintiff only cites to
<u>Kleiger v. Jersey City</u> for the proposition that since salary of a municipal
judge is fixed by ordinance, every municipal judge has a right to be paid that
salary. However, such reading of the decision in <u>Kleiger</u> is erroneous.
<u>Kleiger</u> merely stands for the proposition that a municipal court judge must be
able to remain in office during the three-year term to which he/she is
appointed pursuant to state statute. <u>Kleiger</u>, 27 N.J. at 543-543.

his earned salary is a property interest has no merit.  Plaintiff's
argument is based on his conclusory assertion that Ordinance 03-103
is applicable in fixing his salary, while Defendant argues that
Ordinance 01-92 controls.  For the purpose of this Opinion, the
Court is not interpreting the ordinances.  Nonetheless, assuming
Ordinance 03-103 should have applied in configuring Plaintiff's
salary, at best, Plaintiff's claim amounts to a contract dispute
and not an issue arising under the Fourteenth Amendment of the
Constitution.  See Shalita, 270 N.J. Super. at 91.  Accordingly,
Plaintiff has failed to point to any authority or evidence
demonstrating that he is entitled to a particular salary on
procedural due process grounds.[2]

*Substantive Due Process*

"The substantive component of the Due Process Clause limits
what governments may do regardless of the fairness of procedures
that it employs, and covers government conduct in both legislative
and executive capacities." Boyanowski v. Capital Area Intermediate
Unit, 215 F.3d 396, 399 (3d Cir. 2000).  A property interest that
falls within the ambit of substantive due process may not be taken
away by the state for reasons that are "arbitrary, irrational, or
tainted by improper motive," Woodwind Estates, Ltd. V. Gretkowski,
205 F.3d 118, 123 (3d Cir.)(citations omitted), or by means of

---

[2]Even if Plaintiff were to prevail on his State Law Claims,
"[s]ubstantive mistakes by administrative bodies in applying local ordinances
do not create a federal claim so long as correction is available by the
state's judiciary."  Cohen v. City of Philadelphia, 736 F.2d 81, 86 (3d Cir.),
cert. denied, 469 U.S. 1019 (1984).

11

government conduct so egregious that it "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

To prevail on a substantive due process claim, "a plaintiff must establish as a threshold matter that the has a protected property interest to which the Fourteenth Amendment's due process protection applies."  Woodwind Estates, 205 F.3d at 123.  State-created property interests, including some contract rights, are entitled to protection under the procedural component of the Due Process Clause.  See Reich v. Beharry, 883 F.2d 239, 243 (3d Cir. 1989).  However, "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process."  Id.  Rather, it depends on whether that interest is "fundamental" under the United States Constitution.  See Regents of Univ. Of Michigan v. Ewing, 474 U.S. 214, 229 (1985)(Powell, J., concurring).

As indicated earlier, Plaintiff's sole support for his § 1983 Claim, other than the conclusory assertion that his allegedly earned salary is a protected property interest under the Fourteenth Amendment, is based on the enacted municipal salary ordinances. Clearly, substantive due process is not implicated in this case. Plaintiff has failed to show how an alleged deprivation of a salary increase amounts to a fundamental right under the Constitution. Indeed, the Third Circuit has held that "a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due

process." Nicholas v. Pennsylvania State University, 227 F.3d 133,

142 (3d Cir. 2000)(quoting Singleton v. Cecil, 176 F.3d 419, 425-26

(8th Cir. 1999); see also Hill v. Borough of Kutztown, 455 F.3d

225, 234, n.12 (3d Cir. 2006).  Here, Plaintiff's claim of his

property right to a salary increase or earned salary, allegedly

supported by municipal ordinances, bears little resemblance to

other rights and property interests that have been deemed

fundamental under the Constitution. See Albright v. Oliver, 114 S.

Ct. 807, 812 (1994)(substantive due process protection accorded

only to explicit fundamental rights and matters related to

marriage, family procreation and bodily integrity); see also Hamm,

1994 U.S. Dist. LEXIS 16304 at *22 (salary of a public employee is

not a protected property interest under substantive due process).

Accordingly, Plaintiff has failed to show that he was deprived of

any property to which he was entitled under substantive due

process.[3]

**C. Plaintiff's State Law Claims**

Title 28 of the United States Code, Section 1367(c) states in

relevant part, "[t]he district courts may decline to exercise

supplemental jurisdiction over a claim . . . if . . . the claim

substantially predominates over the claim or claims over which the

---

[3]The Court received Defendant's submission on June 4, 2007, requesting the Court to consider the Supreme Court's recent decision in Ledbetter v. Goodyear Tire & Rubber Co., 172 S. Ct. 2162 (2007).  Specifically, Defendant contends that, pursuant to Ledbetter, the statute of limitations has run out for Plaintiff to bring his § 1983 Claim.  However, since the Court has granted summary judgment as to this claim based on the merits, the Court does not reach this issue.

district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. §1367(c).   Moreover, absent some compelling circumstances, it is generally proper for the district court to decline to exercise supplemental jurisdiction.   See Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984)(holding that "pendant jurisdiction [over state law claims] should be declined where the federal claims are no longer viable, absent 'absent circumstances'" (citation omitted)); see also Hedge v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)(recognized that if the district court has dismissed all claims over which it has original jurisdiction, the court must decline to decide pendent state claims unless "considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").

Furthermore, district courts should not decide issues of state law "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."   Gibbs, 383 U.S. at 726.   If the state issues substantially predominate, then the state claims may be dismissed without prejudice and left for resolution to state tribunals.   Id.

Courts in this circuit have consistently declined to exercise supplemental jurisdiction over state claims when all federal claims have been decided.   See Hedge, 204 F.3d at 122-23 (upholding district court's refusal to exercise supplemental jurisdiction over

14

state law assault and battery claims after dismissing plaintiff's

§ 1983 claims); <u>V-Tech Serv., Inc. v. Street</u>, 215 Fed. Appx. 93, 96

(3d Cir. 2007) (refusal to exercise supplemental jurisdiction over

fraud, promissory estoppel, breach of contract, and unjust

enrichment claims after dismissal of RICO claims); <u>Wall v. Dauphin</u>

<u>County</u>, 167 Fed. Appx. 309, 313 (3d Cir. 2006) (dismissal of state

claims for lack of jurisdiction after dismissal of plaintiff's §

1983 and § 1985 claims); <u>Mosca v. Cole</u>, 384 F.Supp.2d 757, 770

(D.N.J. 2005) (remanding remaining state LAD and other claims back

to state court after plaintiff's § 1981, § 1985 and other federal

claims were dismissed by the district court).

The Court, having determined that Plaintiff's § 1983 Claim has

no merit, declines to exercise jurisdiction over Plaintiff's

remaining State Law Claims, namely, the New Jersey Civil Rights Act

claim, <u>N.J.S.A.</u> 10:6-1, <u>et</u> <u>seq.</u>, breach of contract claim, and a

judgment in lieu of a prerogative writ of mandamus.  It is

appropriate to remand those claims in this case because no federal

claims remain and there are no extraordinary circumstances to

compel this Court to retain jurisdiction.  In addition, the parties

dispute the interpretation of the ordinances.  The Court finds that

the state court is a better forum to provide a "surer-footed

reading of the applicable law."  A remand in this case is also

consistent with the desire of Plaintiff, who originally filed this

action in state court.  <u>See</u> <u>Young Mi Yi v. Abington Mem'l Hosp.</u>,

2004 U.S. Dist. LEXIS 9688, *1 n.2 (E.D. Pa. May 26, 2004)(weighing

the fact that the plaintiff initially filed suit in state court in favor of remand).  Accordingly, Plaintiff's State Law Claims are remanded to state court.

## III.  Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is granted with respect to Plaintiff's federal § 1983 Claim.  Plaintiff's State law Claims are remanded to Superior Court of New Jersey, Law Division, Mercer County.


Date: July 19, 2007                    ___/s/ Freda L. Wolfson___
                                        FREDA L. WOLFSON, U.S.D.J.